RB:AMC
F. #2006R01376

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

SAHADEO RAGHUNATH,

         Defendant.

- - - - - - - - - - - - - - - - - -X

**FILED** *eb*
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 2 8 2011 ★

**BROOKLYN OFFICE**

I N D I C T M E N T

**CR 11    478**

(T. 18, U.S.C. §§ 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 31,
U.S.C., §§ 5317(c)(1),
5324(a)(3) and
5324(d)(2))

TOWNES, J.

REYES M.

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

       At all times relevant to this Indictment, the currency reporting requirements provided as follows:

<u>Structuring And Currency Reporting Requirements</u>

       1.     Transactions in currency were defined as transactions involving the physical transfer of money, as defined in Title 31, Code of Federal Regulations, Section 103.11(ii).

       2.     Domestic financial institutions were required to file a Currency Transaction report (IRS form 4789, hereinafter referred to as a "CTR") with the Internal Revenue Service for each transaction in currency, such as a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to such financial institution, in excess of $10,000, as required by Title 31, United States Code, Section 5313 and Title 31, Code of Federal Regulations, Section 103.22.

3.     CTRs were filed with the Internal Revenue Service ("IRS") on forms which required, among other things, the identity of the individual who conducted the transaction (Part One of the CTR) and the individual or organization for whom the transaction was completed (Part Two of the CTR).

4.     CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, as stated in Title 31, United States Code, Section 5311.

5.     "Structuring" a financial transaction was defined as including the breaking down of a sum of currency exceeding $10,000 into smaller amounts of $10,000 or less prior to transacting business with a domestic financial institution in an attempt to evade currency reporting requirements, as defined in Title 31, Code of Federal Regulations, Section 103.11(gg).

6.     Ridgewood Savings Bank, Greenpoint Savings Bank and Roslyn Savings Bank were domestic financial institutions, as defined in Title 31, United States Code, Section 5312.

STRUCTURING

7.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

2

8.      In or about and between July 2001 and July 2006,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant SAHADEO
RAGHUNATH, together with others, for the purpose of evading the
reporting requirements of Title 31, United States Code, Section
5313(a), and the regulations prescribed thereunder, did knowingly
and intentionally structure and assist in structuring one or more
transactions with one or more domestic financial institutions, to
wit: Ridgewood Savings Bank, Greenpoint Savings Bank and Roslyn
Savings Bank, by (a) breaking amounts of currency in excess of
$10,000 into amounts of less than $10,000, and (b) depositing the
smaller amounts of currency into accounts with one or more
domestic financial institutions, as part of a pattern of illegal
activity involving more than $100,000 in a twelve-month period.

(Title 31, United States Code, Sections 5324(a)(3) and
5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et
seq.)

## CRIMINAL FORFEITURE ALLEGATION

9.      The United States hereby gives notice to the
defendant that, upon conviction of the offense charged in this
Indictment, the government will seek forfeiture in accordance
with Title 31, United States Code, Section 5317(c)(1), which
requires any person convicted of such offense to forfeit any
property, real or personal, involved in such offense and any

3

property traceable to such property, including but not limited

to, a sum of money equal to at least approximately $5,589,700.00

in United States currency.

10.   If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due

diligence;

b. has been transferred or sold to, or deposited

with, a third party;

c. has been placed beyond the jurisdiction of

the court;

d. has been substantially diminished in value;

or

e. has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

4

other property of the defendant up to the value of the

forfeitable property described in this forfeiture allegation.

        (Title 31, United States Code, Section 5317(c)(1);

Title 21, United States Code, Section 853(p))


                                        A TRUE BILL

                                              FOREPERSON

BY:

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

5

F. #2006R01376
FORM DBD-34
JUN 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

Sahadeo Raghunath,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 2 and 3551 et seq.; T. 21, U.S.C., §853(p);
T. 31, U.S.C., §§ 5317(c)(1), 5324(a)(3) and 5324(d)(2))



A true bill.

_____
                                    Foreman

Filed in open court this _____

of _____ A.D. 20 ____ day;

_____
                                    Clerk

Bail, $ _____

_____

*Anthony M. Capozzolo, Assistant U.S. Attorney (718-254-6454)*